UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| HAROLD L. PASSMORE, | ) | No. CV-11-0039-CI |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND ORDERING REMAND |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 20, 26.) Attorney Rebecca M. Coufal represents Natalie I. Spoelstra (Plaintiff); Special Assistant United States Attorney Robert L. Van Saghi represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On October 5, 2007, Plaintiff protectively filed a Title II application for disability and disability insurance benefits. On that same date, Plaintiff also filed a Title XVI application for supplemental security income, and in both applications Plaintiff alleged disability beginning June 14, 2007. (Tr. 14; 122.) He alleged disability due to Bells Palsy, heart problems, arthritis,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

chronic pain and a broken neck. (Tr. 127.) Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). (Tr. 66-101.) A hearing was held on June 23, 2009, at which Stephen Gerber, M.D., Vocational Expert Diane Kramer, and Plaintiff, who was represented by counsel, testified. (Tr. 28-60.) ALJ Robert S. Chester presided. (Tr. 28.) The ALJ denied benefits on July 24, 2009. (Tr. 14-23.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 53 years old and living with his wife. (Tr. 37.) He had two grown children. (Tr. 37.) Plaintiff obtained a high school diploma. (Tr. 38.) His last job involved using a handheld high-speed grinder at a stainless steel company. (Tr. 38.) Plaintiff has also worked as a food press operator, dishwasher, car washer, lumber handler, seafood processor, and floor waxer. (Tr. 39-41.) Plaintiff testified that he quit working because his hands, shoulders, hip and lower back could no longer take the rigors of work. (Tr. 41.)

In 1998, Plaintiff fell off a porch and broke his neck in two places. (Tr. 41.) He testified that he had back surgery, but he continued to experience problems due to nerve damage. (Tr. 41-42.) He said he has numbness in his fingertips, and that they lock up and are painful. (Tr. 43.) Plaintiff also testified that his hips hurt and he cannot walk more than two blocks at a time. (Tr. 44.) Plaintiff said he has heart problems, and in 2008, he underwent a triple bypass surgery. (Tr. 44.) Plaintiff testified that he can

stand for about an hour and sit for only up to one hour at a time before his hips and lower neck start cramping. (Tr. 45.) Plaintiff also testified that his shoulder hurts if he does too much lifting. (Tr. 46.) He said he has asthma, and he uses a nebulizer once per day. (Tr. 47.) He smokes four cigarettes per day, but said he wants to quit. (Tr. 47.) Plaintiff also said he does not sleep well, and wakes up several times per night. (Tr. 48.)

Plaintiff spends his days sitting on his porch, watching television, and he helps with dinner. (Tr. 49.) Plaintiff has been blind in one eye since he was a child. (Tr. 49.) Plaintiff testified that his medication for anxiety helped, but he still feels "anxious, withdrawn, nervous," and if he does not take his medication, and he gets angry for no reason. (Tr. 50.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since June 14, 2007, the onset date. (Tr. 16.) At step two, he found Plaintiff had the following severe impairments: status post cervical spine fusion, osteoarthritis of the bilateral hands, coronary artery disease, and left eye prosthesis. (Tr. 16.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). (Tr. 19.) In step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 21.) He found that Plaintiff retained the RFC to perform medium work with the following limitations:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

> [L]ifting and carrying restricted to 20 pounds frequently
> and 40 pounds occasionally.  He is limited to occasional
> handling and fingering.  Depth perception and field of
> vision are limited due to monocular vision.  He should
> avoid concentrated exposure to fumes, odors, gases and
> poor ventilation.  He should avoid concentrated exposure
> to hazards such as machinery and heights.  He can
> occasionally climb ramps or stairs but should avoid
> climbing ladders, ropes or scaffolds. He can occasionally
> engage in balancing, stooping, kneeling, crouching or
> crawling.

(Tr. 20.)

ALJ Chester found that jobs exist in significant numbers in the national economy that Plaintiff can perform, such as cashier II, outside deliverer, or survey worker.  (Tr. 23.)  Subsequent to the ALJ's decision, Plaintiff submitted a medical evaluation completed prior to the administrative hearing in which his treating physician, Gabriel Charbonneau, M.D., opined Plaintiff was disabled.  (Tr. 347-49.)  The Appeals Council found that the physical limitations assessed by Dr. Charbonneau were not supported by his treatment records, or any other evidence in the record and, therefore, the evaluation does not provide a basis for changing the ALJ's decision. (Tr. 2.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's
> denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
> 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
> Commissioner may be reversed only if it is not supported
> by substantial evidence or if it is based on legal error.
> *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
> Substantial evidence is defined as being more than a mere
> scintilla, but less than a preponderance.  *Id.* at 1098.
> Put another way, substantial evidence is such relevant
> evidence as a reasonable mind might accept as adequate to
> support a conclusion.  *Richardson v. Perales*, 402 U.S.
> 389, 401 (1971).  If the evidence is susceptible to more
> than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is deemed conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

mental impairment prevents him from engaging in his previous occupation.   20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).   If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

The Plaintiff contends[1] the ALJ erred by failing to find he

---

[1]As a preliminary matter, the court notes in Plaintiff's Memorandum of Authorities, Plaintiff fails to provide an issues list or provide any designation identifying which portions of his argument relate to which issue.   To avoid inadvertently waiving an issue, every effort to comply with FED. R. APP. P. 28(a) governing briefs should be made, which requires an opening brief contain:

> (5)  a statement of the issues presented for review;
>
> . . .
>
> (7)  a statement of facts relevant to the issues submitted for review with appropriate references to the record (see Rule 28(e));
>
> (8)  a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
>
> (9)  the argument, which must contain:
>
> > (A)  appellant's contentions and the reasons for them, with citations to the authorities and parts of

1  had a mental impairment, by rejecting Dr. Pollack's assessment and

2  the Appeals Council erred by affirming Plaintiff's RFC.   (ECF No.

3  21 at 9; 14.) Defendant contends the ALJ's decision is supported

4  by substantial evidence and free of legal error.  (ECF No. 27.)

5  **DISCUSSION**

6  **A.    Step Two Severe Mental Impairment.**

7      Plaintiff contends that the ALJ erred by failing to find that

8  he suffered from a severe mental impairment.  (ECF No. 21 at 13.)

9  The ALJ concluded that Plaintiff's anxiety imposed no more than a *de*

10  *minimus* limitation upon his ability to do work-related activities

11  and therefore was not a severe impairment.  (Tr. 19.)   The ALJ's

12  analysis related to Plaintiff's mental impairment claim was in part:

13          After careful review of the record, the undersigned
           finds that the claimant's anxiety and reported diagnosis
14         of chronic obstructive pulmonary disease is imposing no
           more than a minimal or *de minimus* limitation upon his
15         ability to do work-related activities, and therefore, is
           not a severe impairment.  He is currently prescribed
16         medication for anxiety, however, he has discontinued this
           in the past, has had no counseling or other psychological
17         or psychiatric treatment, and his treating physician does
           not indicate significant symptoms or limitations as a
18         result.

19  (Tr. 19.)  The ALJ also concluded that the assessment by Dr. Pollack

20  indicating Plaintiff had a mental impairment deserved no weight.

21  (Tr. 19.)

22      In step two of the disability determination, an ALJ must

23  ───────────────────

24      the record on which the appellant relies.

25  FED. R. APP. P. 28(a)(5)-(9); see also *Rattlesnake Coalition v.*

26  *United States EPA*, 509 F.3d 1095 (9th Cir. 2007)(issues raised in

27  opening brief but not supported by argument are considered

28  abandoned).

determine whether the claimant has a medically severe impairment or combination of impairments.  In making this determination, an ALJ is bound by 20 C.F.R. § 404.1520a.  That regulation requires those reviewing an application for a mental disability claim follow a special psychiatric review technique.  20 C.F.R. § 404.1520a. Specifically, the reviewer must determine whether an applicant has a medically determinable mental impairment,[2] rate the degree of functional limitation for four functional areas,[3] determine the severity of the mental impairment (in part based on the degree of functional limitation),[4] and if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder.[5]

At the first two levels of review, this technique is documented in a Psychiatric Review Technique Form ("PRTF").  20 C.F.R. § 404.1520a(e).  At hearings before an ALJ or the Appeals Council, however, the Commissioner must "document application of the technique in the decision."  *Id*.  Specifically, the ALJ's "written decision must incorporate the pertinent findings and conclusions based on the technique" and "must include a specific finding as to the degree of limitation in each of the functional areas."  *Id*. § 404.1520a(e)(4).

In this case, the record reflects that in September, 2008, Plaintiff returned to the Spokane Falls Family Clinic, after re-

---

[2]20 C.F.R. § 404.1520a(b).

[3]20 C.F.R. § 404.1520a(c).

[4]20 C.F.R. § 404.1520a(c)(1).

[5]20 C.F.R. § 404.1520a(c)(2).

establishing medical insurance, and he reported that he was suffering from anxiety. (Tr. 318.) Gabriel Charbonneau, M.D., examined Plaintiff and prescribed Celexa, an antidepressant. (Tr. 319.) In October, 2008, Plaintiff reported the Celexa increased his anger and anxiety, so he quit taking it. (Tr. 320; 322.) Dr. Charbonneau changed the prescription to Zoloft. (Tr. 320.) In November, 2008, Plaintiff reported that the Zoloft had significantly decreased his anxiety. (Tr. 322.) The record also reveals Dennis R. Pollack, Ph.D., examined Plaintiff on June 8, 2009. (Tr. 331-40.) Dr. Pollack administered several objective tests and his diagnosis included Pain Disorder associated with both psychological factors and general medical condition, and depression. (Tr. 334-36.) Dr. Pollack completed a Mental Medical Source Statement that indicated Plaintiff was markedly limited in the ability to (a) perform activities within a schedule, maintain regular attendance and be punctual within customary tolerance; (b) complete a normal workday and workweek without interruptions from psychologically based symptoms; and (c) perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 338.) Between the treating and examining medical records, Plaintiff has established a colorable claim of a mental impairment.[6]

---

[6]Additionally, Plaintiff submitted to the Appeals Council a check-the-box form completed on December 8, 2008, by his treating physician. (Tr. 347-49.) On that form, Dr. Charbonneau opined that Plaintiff had anxiety with a severity level between moderate and marked. (Tr. 348.) While the ALJ did not review this evaluation, it further provides support for Plaintiff's colorable claim of a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

The ALJ's written decision did not document the ALJ's application of the "special technique" for mental impairments and did not include a specific finding as to the degree of limitation in any of the four functional areas. In *Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011),* the ALJ did not state his findings as to the four functional areas as required by the plain language of 20 C.F.R. § 404.1520a(e), and the court reversed and remanded for application of the mental impairment analysis. The *Keyser* court noted that where the claimant has presented a colorable claim of a mental impairment, failure to apply the special technique is not harmless error. *Keyser*, 648 F.3d at 726. This case is similar to *Keyser.* Here, the ALJ failed to document his application of the psychiatric review technique and specific findings as to the degree of limitation in each functional area. As a result, the ALJ's treatment of Plaintiff's mental impairment claim in this case is insufficient to meet the requirements of 20 C.F.R. § 404.1520a(e) and, therefore, constitutes legal error. Remand for a proper analysis of Plaintiff's mental impairment is required.

**B.    Remand.**

On remand, the ALJ should document his application of the "special technique" for evaluating the severity of mental impairments, as required by 20 C.F.R. § 404.1520a. Until the ALJ has properly evaluated the medical evidence in this case, including the evidence regarding plaintiff's alleged mental impairments, the court cannot evaluate the adequacy of the ALJ's RFC assessment. See SSR 96-8p at 1 ("RFC is an assessment of an individual's ability to

mental impairment.

do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Thus, on remand, the ALJ shall also reassess Plaintiff's RFC.

**CONCLUSION**

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(ECF No. 20)** is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2.   Defendant's Motion for Summary Judgment **(ECF No. 26)** is **DENIED**;

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

DATED October 15, 2012.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11